United States District Court
Southern District of Texas
**ENTERED**
May 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXIS HUMBERTO MORIANO OSPINA, Petitioner, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-02625 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| PAMELA BONDI, *et al*, Respondents. | § § § | |

ORDER

Petitioner Alexis Humberto Moriano Ospina filed a petition for writ of *habeas corpus* under 28 USC §2241 on April 1, 2026. Dkt 1.

Prior order noted that Petitioner alleges he is subject to a final order of removal to Colombia and that his detention since March 25, 2025, may thus implicate the Supreme Court's decision in *Zadvydas v Davis*, 533 US 678, 701 (2001). The Government was thus ordered to show cause with a filing to establish the propriety of Petitioner's continued detention. See Dkt 4 at 2.

The Government has filed a motion for summary judgment in response. Dkt 9. It states that records of the Department of Homeland Security previously reflected that Petitioner could not be removed pending the Fifth Circuit's adjudication of his appeal from an order from the Board of Immigration Appeals. Dkt 9 at 5; see also *Moriano-Ospina v Blanche*, 25-60430 (5th Cir). The Government acknowledges that these records were in error, as pendency of appeal "does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise." Dkt 9 at 5, quoting 8 USC §1252(b)(3)(B). It further represents that the Fifth Circuit

has not ordered that Petitioner's removal be stayed pending appeal, and that removal will thus be pursued "expeditiously." Dkt 9 at 5.

To that end, the Government attaches a declaration from Deportation Officer Alyssa Jacqueline Gallais. Dkt 9-1. She states that the Consulate of Colombia issued travel documents to effectuate Petitioner's removal on October 2, 2025. Id at ¶21. She further represents that Colombia is "extremely cooperative" in efforts at removal and that several weekly charter flights take place to effectuate removals to Colombia. Id at ¶¶27–28. She thus states that she is "not aware of any facts that would preclude [Petitioner's] removal to Colombia." Ibid.

Despite this representation, nothing establishes whether such removal has been effectuated. It thus remains unclear whether removal has occurred or if decision should proceed on the merits.

The Government is ORDERED to make a filing by June 1, 2026, providing an update on Petitioner's status and whether he has been removed to Colombia.

SO ORDERED.

Signed on May 22, 2026, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge